Supreme Court of Honor v. Schwartz.

# Supreme Court of Honor v. Fannie Schwartz, nee Weinberger.

1. APPELLATE COURT PRACTICE—*Finding Issues of Fact Different from the Finding of the Jury.*—The Appellate Court is vested with the power to review questions of fact and should not decline to express its judgment against the finding of the jury when it appears that such finding is palpably against the evidence of the case.

Assumpsit, on a benefit certificate. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1901. Reversed with a finding of facts. Opinion filed September 11, 1901.

CONNOLLY & BARNES, attorneys for appellant; W. B. RISSE, of counsel.

JOHN G. FRIEDMEYER and JAMES M. GRAHAM, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

A benefit certificate of insurance was issued by appellant for $2,000 to Abram Weinberger, payable on his death to his wife, Lena Weinberger, and his daughter, Fannie, appellee. By the terms of this certificate, the assured bound himself to obey the constitution and the rules of the order then in force, or that might thereafter be put in force; by its terms, also, was provided that the same should be void if Weinberger died by his own hand, whether sane or insane, and if he should engage in the occupation of saloon keeping the certificate should be forfeited and surrendered. Weinberger died March 11, 1899, his wife, Lena, having previously obtained a divorce from him. This suit was maintained by his daughter, Fannie, the appellee, as the sole beneficiary and plaintiff, and upon the trial she recovered for the full amount of the certificate, and to reverse the judgment appellant brings the cause by appeal to this court, and to effect such reversal argues various questions, among which are the effect of the divorce of the wife upon the right of the daughter to recover for the whole amount of

the certificate, whether Weinberger engaged in the occupation of saloon keeping after the issue of the certificate, and whether he died by his own hand. And also that the court erred in its instructions to the jury.

In view of the conclusion we have reached in respect to the manner of the death of the assured, all other questions are superseded, and they will not therefore be considered.

It is not denied, and the evidence is conclusive that Abram Weinberger died of morphine poisoning, the only question being whether he administered the poison by his own hand, intentionally to take his life, or whether it was an overdose to relieve pain, accidentally administered. Upon this point the verdict of the coroner's jury was first introduced by the appellant, in which it is recited that Weinberger came to his death by mixing and drinking an opiate administered by his own hand; two ordinary pill boxes, empty, labeled poison and morphine, were found in the room where he died. On the day of his death Weinberger obtained a license to marry his former wife, who had obtained a divorce from him, and he repaired to the room where she was then living. Mrs. Weinberger not being present at the time, a servant woman of the latter testified that when he came to the bedroom of his former wife he held in his hand a little glass with water in it—which she later testified looked like colored water; that she threw it out and Weinberger knocked or pushed her down; when she saw him there he said, referring to his wife's bed, he was going to die in that bed. "Then he laid across the bed and said he was going to die there; and I said, 'My goodness! are you going to kill yourself?'" In an hour or two after this, the doctor, who had in the meantime been sent for, arrived to attend the man for morphine poisoning. The medical proof of death, transmitted to appellant in compliance with the requirement of the contract, also contained the statement that the death was caused by morphine poisoning (suicide). Against this evidence, and to support the theory of accidental poisoning, it is argued that the witness who saw the deceased just before he laid down upon the bed was drunken and degraded—unworthy of belief. That Wein-

berger was a sufferer from great physical pain, resulting from hernia, and that morphine is frequently prescribed to alleviate pain, and from these circumstances it ought to be inferred the poison was accidentally taken in an overdose. We are unable to discover any evidence tending to prove that Weinberger had been so prescribed for, or had of his own volition taken morphine, or any like remedy for the alleviation of physical pain. Such an inference would be wholly without evidence, for its source would be merely imaginary. We find nothing in the record to justify the conclusion that the witness who testified relative to the conduct and statements of Weinberger just before he was found upon the bed fatally poisoned, was wholly unworthy of belief, and her testimony for such reason should be disregarded. She is nowhere contradicted by any witness nor are the undisputed facts and circumstances inconsistent with her statements, but rather in harmony with them. The former wife of Weinberger testified that he had previously threatened to kill himself, but she regarded such threats as a joke. We know the rule that the jury shall be the judges of the credibility of the witnesses and what the evidence proves is of vital force in our system of trials of the issues of fact. We dislike to find such issues different from the jury. An appellate tribunal, having vested in it the power to review questions of fact—a power that is as much a part of the system of trial by jury as the right itself —ought not—must not—decline to express its judgment against the finding of the jury when it appears, as we think it does in this case, that the verdict is palpably against the evidence of the case. Upon full consideration of the evidence in this case we feel compelled to say that we have no reasonable doubt that Abram Weinberger died by his own hand, by poison taken by him with the intention of producing death. The judgment of the Circuit Court will be reversed.

**Finding of Facts** to be recited in the final order of this court:

And the court finds from the evidence in the case that

Abram Weinberger, the assured for whose death it is sought to recover in this case, died by his own hand from the effects of morphine poison administered by his own hand, with the intention on his part of causing his own death, and for that reason the appellant is not liable in this action.